UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:14-CV-104-TBR

CARL WATSON RICCHUITE                                                      PLAINTIFF

v.

JOEY JOHNSON, *et al.*                                                     DEFENDANTS


MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendants' Motion to Dismiss. (Docket #4). The Plaintiff has responded. (Docket #9). The Defendants have replied. (Docket #10). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss (Docket #4) is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff Carl Watson Ricchuite alleges that a "campaign to harass, intimidate, annoy, defame, and maliciously prosecute" Ricchuite has been waged against him by Defendant Joey Johnson, the sheriff of Todd County. (Docket #1, Ex. 1). Ricchuite alleges that Johnson put Ricchuite's house under surveillance, had Ricchuite followed, and spread rumors that Ricchuite sold drugs and paid bribes. Ricchuite claims Johnson twice charged Ricchuite for crimes without probable cause and that Ricchuite was acquitted both times. Ricchuite claims Jimmy Berghammer, Curtis Crick, Todd County, and unknown defendants have conspired with Johnson to harass and maliciously prosecute Ricchuite, among other things. (Docket #1, Ex. 1).

Todd County moves to dismiss all of Ricchuite's claims against Todd County. Johnson moves to dismiss claims against Johnson in his official capacity as sheriff of Todd County.

1

STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

DISCUSSION

**I.     Ricchuite's state law claims are barred by sovereign immunity.**

Ricchuite has three[1] state law claims against Todd County and six[2] against Johnson in his official capacity. These state law claims are barred by sovereign immunity.

---

[1] Invasion of privacy, malicious prosecution, and a claim that Todd County is vicariously liable for Johnson's actions. (Docket #1, Ex. 1).

[2] Invasion of privacy, malicious prosecution, defamation, harassment, conspiracy, and outrageous conduct. Johnson listed Ricchuite's request for punitive damages as a cause of action, but "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012).

A "county government is cloaked with sovereign immunity" from state law claims. *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003). Nor can a county, absent a legislative waiver of immunity," be vicariously liable for the acts of its employees. *Id*. (*citing Reyes v. Hardin Memorial Hospital*, 55 S.W. 3d 337 (Ky. 2001).

An "official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009) (*quoting Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent"). When a government employee is sued in his official capacity, he is entitled "the same immunity, if any, to which the [government] agency, itself, would be entitled." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001); *Martin v. Patterson*, 2013 U.S. Dist. LEXIS 145786 *10 (E.D. Ky. 2013) ("Under Kentucky law, county governments are cloaked with sovereign immunity that extends to public officials sued in their official capacity").

Ricchuite's state law claims against Todd County and Johnson in his official capacity are barred by sovereign immunity.

Ricchuite requests this Court find that KRS § 70.040 waives a sheriff's sovereign immunity. KRS § 70.040 holds the "office of sheriff" liable for the acts of the sheriff's deputies. Ricchuite argues that it is logical that if a sheriff is liable for the acts of his deputies, he should be liable for his own acts as well. However, "sovereign immunity must be expressly waived by the General Assembly. Its waiver cannot be assumed by the courts." *Bd. of Trs. of Ky. Ret. Sys. v. Commonwealth*, 251 S.W.3d 334, 340 (Ky. App. 2008). "Statutes in derogation of the state's

sovereign immunity will be strictly construed in favor of the state unless the intention of the legislature to do otherwise is clearly expressed in the statute." *Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008). The plain language of KRS § 70.040 addresses the waiver of a sheriff's immunity for acts committed by his deputies. It does not address the waiver of a sheriff's immunity for his own acts, and this Court cannot assume a waiver where one has not been expressly stated. *See Harlan County v. Browning*, 2013 Ky. App. Unpub. LEXIS 184 *6-7 (Ky. App. 2013) (unpublished) ("KRS 70.040 does not waive sovereign immunity as to acts of the sheriff individually. KRS 70.040 is clear that the office of sheriff is only liable for acts of his deputies.").

   I.     **Ricchuite's federal claims are not barred by sovereign immunity.**

Ricchuite claims that Todd County and Johnson in his official capacity violated Ricchuite's civil rights in violation of 42 U.S.C. § 1983. (Docket #1, Ex. 1). A § 1983 claim is derived from federal law. 42 U.S.C. § 1983.

While a county government may be immune from state law claims, it is not immune from a federal § 1983 claim. *Duke v. Hardin County*, 2008 U.S. Dist. LEXIS 25701 *6 (W.D. Ky. 2008); *see also Northern Ins. Co. v. Chatham County*, 547 U.S. 189 (2006) (explaining that only States, whose sovereignty was "enjoyed before the ratification of the Constitution" are immune from suits authorized by federal law).

To succeed on a § 1983 claim against a local government, 'the plaintiff must prove the injury of which he complains was caused by an unconstitutional government policy or custom.'" *Id*. (*quoting Monnell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). A "municipality can be held liable under § 1983 for a single decision by the municipality's policymakers" if that

policymaker had "final authority to establish policy with respect to the action ordered.'" *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)); *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1118 (6th Cir. 1994). "If the sheriff's actions constitute county 'policy,' then the county is liable for them." *McMillian v. Monroe County*, 520 U.S. 781, 783 (1987).

Reading the facts in a light most favorable to the Plaintiff, Johnson was the chief policymaker of Todd County and Johnson's "campaign to harass, intimidate, annoy, defame, and maliciously prosecute" Ricchuite is evidence of a policy to deprive citizens of their constitutional rights. While Ricchuite will need to show "specific facts" to survive a motion for summary judgment, Ricchuite has alleged facts sufficient to state a claim that survives a motion to dismiss. *Jones v. Union County*, 296 F.3d 417, 426-27 (6th Cir. 2002); *Harris v. Adams*, 410 F. Supp. 2d 707, 712-13 (S.D. Ohio, 2005).

## CONCLUSION

Ricchuite's state law claims against Todd County and Johnson in his official capacity are barred by sovereign immunity and are dismissed. Ricchuite has pled sufficient facts to state a § 1983 claim against Todd County and Johnson in his official capacity.

For the foregoing reasons, Defendants' Motion to Dismiss (Docket #4) is GRANTED IN PART and DENIED IN PART.

cc: counsel of record